VERNON RAY TAYLOR *v.* STATE OF ARKANSAS

CR 73-100                                   498 S.W. 2d 876

Opinion delivered September 17, 1973

*Charles W. Atkinson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Philip M. Wilson,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant, along with his codefendant, was convicted of robbery with a firearm and each was sentenced to serve fifteen years. After some delay in procedure an appeal was granted appellant. In the meantime, appellant having been committed to the penitentiary, asked for and was granted a Rule I hearing. The latter hearing was conducted, the Rule I petition was denied, and the trial court granted an appeal both from the judgment of conviction and from the adverse finding on the Rule I petition. Appellant advances three points for reversal, namely, (1) that his Rule I petition should have been granted and a new trial ordered, (2) that a motion for severance should have been made in his behalf, and (3) that instruction number seven was erroneous.

As to the Point I, we think the trial court did not err in refusing to grant a new trial. The point is based on the testimony of the codefendant at the Rule I hearing to the effect that appellant had nothing to do with the robbery. Appellant implicated himself at that hearing because he testified: "I was aiding and abetting is what I'd call it... that's what my job was". That was exactly the theory of the State at the trial—that the codefendant went inside the liquor store with the gun and that appellant was on the lookout just outside the store. That testimony corresponded with the testimony of the codefendant to the effect that appellant had on a halloween mask.

Appellant classified his codefendant's testimony at the Rule I hearing as newly discovered evidence. His codefendant made an affidavit prior to the Rule I hearing which corresponded with the codefendant's testimony at the hearing. That affidavit was executed some nineteen months after the original trial. In other words, notwithstanding these two men were in the penitentiary together, the so-called newly discovered evidence did not come to surface for nearly two years and just prior to the Rule I hearing. Furthermore, even appellant concedes that the affidavit did not entirely exonerate him. In fact, the affidavit put appellant at the scene of the crime wearing a mask. Finally, it is hardly believable that the codefendant would have testified at the original trial in the same manner as he did at the Rule

I hearing; his position at the time of trial was that he had nothing whatsoever to do with the crime.

Appellant's second point—that a motion for severance should have been granted—is likewise without merit. Appellant contends that he asked his court-appointed attorney, just prior to the trial, to seek a severance from his codefendant. Appellant's codefendant said he heard no such conversation. The trial court remarked that appellant's attorney asked for a continuance and it was granted. The trial court further stated that no mention was made to him of a severance. The trial court apparently rejected the veracity of appellant on this point and we cannot say it was error. Additionally, just what advantage could have resulted in a severance is hardly perceivable under the state of the record.

Appellant's insistence that instruction seven was erroneous is likewise without merit. The instruction told the jury that the defendants could not be convicted on the testimony of an accomplice; that in addition there must be substantial evidence to corroborate that testimony. (The court was referring to the testimony of a young woman who was arrested as an accomplice.) It is true the court did not define the term "accomplice" but on the other hand there was no request for such a definition. Additionally, there was no objection made to the instruction given.

Affirmed.