Thelbert BROOKS *v.* STATE of Arkansas

CR 74-40                                                              511 S.W. 2d 654

Opinion Delivered July 22, 1974

*Harold L. Hall,* Public Defender, by: Dep. Public Defender, *Robert L. Lowery,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant seeks reversal of his conviction for possession of marijuana with intent to sell upon the basis that the trial court's instruction No. 7 amounted to a comment upon the evidence prohibited by Article 7, Section 23 of the Constitution of Arkansas. The instruction was virtually in the words of Ark. Stat. Ann. § 82-2617 (d) (Supp. 1973). Appellant relies upon *French v. State*, 256 Ark. 298, 506 S.W. 2d 820 (1974).

The record shows that appellant raised objections to instruction No. 7 at three points in the record. The first objection was made immediately prior to the commencement of the instructions as follows:

> Mr. Schmidt: I object to the charge, with intent to deliver part, making it a felony. I am objecting to it as being unconstitutional.

The second objection was made at the conclusion of instruction No. 7 and is reflected by the transcript as follows:

> The defendant objected to the action of the Court in giving the State's Requested Instruction No. 7 and at the time asked that his exceptions be noted of record, which was accordingly done.

The appellant's final objection came at the conclusion of the instructions as follows:

> Mr. Schmidt: The only objection I have is as to the constitutionality of the presumption, that it's the intent to deliver.

The State contends, and we agree, that the objections made by appellant were not sufficient to raise the question relied upon on appeal. The objections made cannot be construed to raise any question other than the one we disposed of adversely to appellant in *Stone v. State*, 254 Ark. 1011, 498 S.W. 2d 634, where we said,

> Although, according to the stipulated record, the question of constitutionality arose upon appellant's objection to a jury instruction in the language of the statute, the

only objection made went to the question of constitutionality of the statute. No mention or hint of the instruction's being a comment on the evidence appears anywhere in the record until appellant's reply brief was filed. There, appellant invokes Article 7, Section 23, of the Constitution of Arkansas by asserting that to adopt the state's conclusion that the act is constitutional would be contrary to that constitutional provision. A complete answer to that particular argument is that there is no language whatever in the statute that requires the court to instruct the jury as to the impact or effect of proof of possession of more than 100 milligrams of heroin. Consequently, the section of the act in question cannot possibly be unconstitutional because of conflict with that section of our state constitution.

The question whether the instruction quoting the statute insofar as it related to possession of heroin, violates Article 7, Section 23, is not properly before this court, even if the recited argument, advanced for the first time in appellant's reply brief, could be said to raise it. . .

Since *Stone*, we refused in *Abbott* v. *State*, 256 Ark. 558, 508 S.W. 2d 733 (1974), to construe another objection to such an instruction to be sufficient to constitute an assertion that it was a comment on the evidence. Our action in those cases was consistent with our well-established precedents in this regard, but this would be a clear departure therefrom. In *Burnett* v. *State*, 80 Ark. 225, 96 S.W. 1007, we said that when the trial court uses the language of a statute, which is reasonably clear, in an instruction, the accused, if not satisfied, must point out the defect in the instruction by a specific objection.

We have recognized that the question about the instruction given here is closely related to that often given with reference to a permissible inference from the possession of recently stolen goods. In *Sons* v. *State*, 116 Ark. 357, 172 S.W. 1029, error was assigned pertaining to the giving of an instruction stating that possession of recently stolen goods constituted prima facie evidence tending to establish the guilt of one in whose possession they were found, unless a reasonable

explanation of that possession was made. We held that the defendant could not complain of the instruction, on appeal, when he only made a general objection without asking the court to modify or explain it and without specifically calling to the court's attention the objection that it invaded the province of the jury, particularly when the judge instructed the jury that they were the sole judges of the weight and sufficiency of the evidence.

In *Rebecca* v. *State*, 158 Ark. 165, 250 S.W. 513, we held that a general objection to a statement by the trial court was not sufficient to raise the question that the lanaguage used was an instruction on the weight of the evidence, but that a specific objection should have been called to the court's attention, in order that he might have properly explained to the jury in language which could not be misunderstood.

The state relies upon Rule 13 of Uniform Rules for Circuit and Chancery Courts which reads:

> No party may assign as error the giving or the failure to give an instruction to a jury unless he objects thereto before or at the time the instruction is given, stating distinctly the matter to which he objects and the grounds of his objection. The trial judge shall give all parties an opportunity to make objections to instructions out of the hearing of the jury.

> A mere general objection shall not be sufficient to obtain appellate review of the trial court's actions relating to instructions to the jury except as to an instruction directing a verdict or the court's action in declining to do so.

> This rule shall apply to any case tried after December 31, 1971. [Ark. Stat. Ann., Vol. 3A, (Supp. 1971)].

We called attention to this rule in *Ulmer* v. *State*, 253 Ark. 106, 484 S.W. 2d 691. The objection made here is no more than a general one because appellant did not state distinctly the grounds of objection urged on appeal.

We applied the rule in *Cassidy* v. *State*, 254 Ark. 814, 496

S.W. 2d 376, wherein we even declined to entertain the contentions on appeal that an instruction was abstract and that it contained an inherently erroneous statement of the law because those objections were not made in the trial court.

A specific objection is one which apprises the court of the particular vice or error of which a party complains sufficiently to afford the trial court an opportunity to make necessary corrections. *Rutledge* v. *State,* 222 Ark. 504, 262 S.W. 2d 650; *Pope* v. *State,* 216 Ark. 314, 225 S.W. 2d 8; *Fields* v. *State,* 235 Ark. 986, 363 S.W. 2d 905. *Scifres* v. *State,* 228 Ark. 486, 308 S.W. 2d 815; See also *Griffin* v. *State,* 141 Ark. 43, 216 S.W. 34; *Bailey* v. *State,* 227 Ark. 889, 302 S.W. 2d 796, cert. den. 355 U.S. 851, 78 S. Ct. 77, 21 L. Ed. 2d 59.

The trial judge could not possibly have known that appellant was objecting to this instruction as a charge with regard to matters of fact, an invasion of the province of the jury, a comment on the evidence or the weight to be given it or as a violation of Art. 7, § 23 of the Arkansas Constitution.

The judgment is affirmed.

BYRD and HOLT, JJ., dissent.