Mary BOUSQUET *v.* STATE of Arkansas

CR 76-224                                          548 S.W. 2d 125

Opinion delivered March 14, 1977
(Division II)

264

*Christopher C. Mercer, Jr. & James P. Massie,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Mary Bousquet has appealed from her conviction of disorderly conduct and of interference with a law enforcement officer. She asserts one ground for reversal on each conviction. She contends that Ark. Stat. Ann. § 41-2908 (Crim. Code, 1976) defining dis-

orderly conduct is unconstitutional as applied to her and that there is no factual support for finding her guilty of interference with a law enforcement officer. We disagree on both points and affirm.

Appellant was found guilty of violation of Ark. Stat. Ann. § 41-2908 (1)(c). The pertinent part of the statute defining the crime of disorderly conduct reads as follows:

(1) A person commits the offense of disorderly conduct if, with the purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

(c) in a public place, uses abusive or obscene language, or makes an obscene gesture, in a manner likely to provoke a violent or disorderly response;

Appellant first argues that the words she was said to have used were not "fighting words" in themselves and certainly were not under the circumstances. In considering the matter we must of course view the evidence in the light most favorable to the state.

Officer Keathley of the Little Rock Police Department was employed, while off duty, as a security watchman at a Dillard department store on March 8, 1976, when he observed appellant, who appeared to him to be watching for someone. Later she started going up on an escalator and, addressing him, said:

Are you going to follow me upstairs? . . . I'm talking to you you mother f_____ pig!

Keathley testified that he then decided to arrest her, but she continued her tirade, saying:

Follow me outside you mother f_____ and son-of-a-bitch.

Keathley followed her outside the store, exhibited his badge, identified himself as a police officer, informed appellant she was under arrest, grabbed her right arm, and was slapped by her. While he was taking her back into the store, according to

the officer, she continued her epithets. Keathley said that he asked a saleslady to call the police station and, when she placed the call and handed him the telephone, he advised someone there that he needed a car. He said that he informed appellant she could use the telephone, but before he did so, she had grabbed him by the shirt, pushed him "against the collar" and again addressed him profanely. Keathley said that, after he told her that he would handcuff her unless she behaved, she "settled down" but had made other obscene statements and a crowd had begun to gather. A clerk in the store heard appellant curse the officer and saw that when the officer brought appellant through the store, his shirt was torn and he had a red print on his chest.

The words spoken were not materially different from those considered by us in *Lucas* v. *State*, 254 Ark. 584, 494 S.W. 2d 705, vacated 416 U.S. 919, 94 S. Ct. 1917, 40 L. Ed. 2d 227 (1974), reaffirmed when viewed in the light of *Lewis* v. *City of New Orleans*, 415 U.S. 130, 94 S. Ct. 970, 39 L. Ed. 2d 214 (1974), as *Lucas* v. *State*, 257 Ark. 726, 520 S.W. 2d 224, appeal dismissed 423 U.S. 807, 96 S. Ct. 17, 46 L. Ed. 2d 28 (1975). We held that this language met the "fighting words" test of *Chaplinsky* v. *New Hampshire*, 315 U.S. 568, 62 S. Ct. 766, 86 L. Ed. 1031 (1942), and that the statute there in question, Ark. Stat. Ann. § 41-1412 (Repl. 1964), was constitutional in the light of *Lewis* v. *City of New Orleans*, supra. Again, in *Hammond* v. *State*, 255 Ark. 56, 498 S.W. 2d 652, we held similar language met the *Chaplinsky* standard, saying that these words were likely to provoke an average person to retaliate and cause a breach of the peace. Cf. *Hammond* v. *Adkisson*, 536 F. 237 (1976).

We take appellant's arguments to be addressed toward application of the theory expressed by the U.S. Court of Appeals for the Eighth Circuit in *Hammond* v. *Adkisson*, supra, that there must be a specific finding of fact that, under the circumstances existing, the words spoken by the accused were likely to incite violent retaliation from the person to whom the words were spoken. Although we do not completely agree with the position of the Eighth Circuit, (cf. *Hammond* v *State*, supra) we do not find any basis for reversal in this case, even applying that theory.

The pertinent circumstances she states are her pregnancy of three months duration, her moving away from the officer, the person addressed was a police officer, and he was not aroused to immediate, violent anger. The alleged deficiency in the factfinding process is the failure of the trial court to instruct the jury that it was to take the circumstances of the utterance into consideration. As we view the law, it is not necessary that the person addressed must have reacted violently. Be that as it may, appellant is in no position to complain. This question was not raised in the trial court in any manner. The court defined the offense of disorderly conduct in the pertinent language of the statute. No objection was made to that instruction. The usual instructions on the burden of proof and reasonable doubt were given, without objection. The trial judge instructed the jury as follows:

> If you find the defendant guilty of Disorderly Conduct, you will say: "We, the Jury, find the defendant guilty of Disorderly Conduct, and fix the defendant's punishment at a specific period of time not exceeding 30 days imprisonment in the county jail and/or a fine of not exceeding one hundred dollars."

> If you find the defendant not guilty of Disorderly Conduct or, if you have a reasonable doubt as to her guilt, you will say: "We, the Jury, find the defendant not guilty."

> In either case your vote must be unanimous and signed by one of your members as foreman.

No objection was offered to this instruction. After all instructions were given, the trial judge specifically asked appellant's counsel if there were any objections to the instructions as read and received a negative answer. If appellant sought a specific finding of fact on the particular question whether, under the existing circumstances the words uttered by appellant were likely to incite violent reaction by the person to whom they were addressed, she should have requested that the jury be instructed that such a finding was necessary to a finding of guilt, or that the court's instruction defining the crime be modified or that a specific interrogatory on the question be submitted to the jury. *Brooks* v. *State*, 256 Ark. 1059, 511 S.W.

2d 654; *Hilliard* v. *State,* 259 Ark. 81, 531 S.W. 2d 463; *Taylor* v. *State,* 255 Ark. 65, 498 S.W. 2d 876; *Griffin* v. *State,* 248 Ark. 1223, 455 S.W. 2d 882; *Gibson* v. *State,* 252 Ark. 988, 482 S.W. 2d 98. Not having made any of these requests, the question is presented for the first time on appeal and cannot be considered by us. *French* v. *State,* 260 Ark. 473, 541 S.W. 2d 680 (1976).

We find no merit in appellant's contention that the facts do not support her conviction of interference with a police officer. In advancing her arguments on this point, she views the evidence in the light most favorable to her and ignores the testimony of the officer. Officer Keathley testified that he was dressed in plain clothes, but before the arrest, he pulled his badge out of his pocket, held it up, identified himself as a police officer and told appellant that she was under arrest, returned the badge to his pocket and walked up to appellant and reached for her, whereupon she immediately commenced an assault upon him. He said that when he held his badge up, appellant turned around and looked at him. He also stated that, after he had called the police station and had given her permission to use the telephone, appellant again assaulted him. This was substantial evidence to support the verdict.

The judgment is affirmed.

We agree. HARRIS, C.J., and ROY and HICKMAN, JJ.