772

## Leroy VIAR *v.* STATE of Arkansas

CA CR 80-12                                601 S.W. 2d 579
Court of Appeals of Arkansas
Opinion delivered June 18, 1980
Released for publication July 8, 1980

*Jeff Duty* and *Charles E. Hanks* and *Wyman R. Wade*, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellee.

Ernie E. Wright, Chief Judge. The appellant Leroy Viar was charged with battery in the first degree, and at trial was convicted by a jury of the lesser included offense of battery in the second degree, and a $2,000.00 fine was imposed. He appeals contending only for reversal the trial court erred in failing to instruct the jury on the meaning of the word *recklessly*.

The court's instruction on battery in the second degree included the following:

A person commits Battery in the Second Degree if for the purpose of causing physical injury to another person; he causes serious physical injury to any person; or with the purpose of causing physical injury to another per-

son, he causes physical injury to any person by means of a deadly weapon; or, he recklessly causes serious physical injury to another person by means of a deadly weapon.

Thereafter, the court's instructions defined the terms *serious physical injury* and *deadly weapon*, but did not define the word *recklessly*. No request was made by appellant for an instruction defining *recklessly*.

Appellant argues it was error not to instruct the jury on the meaning of the word *recklessly* because it is a key element in the offense of battery in the second degree, and the word is defined in Ark. Stat. Ann. § 41-203 (3) (Repl. 1977), the definition being as follows:

A person acts recklessly with respect to attendant circumstances or as a result of his conduct when he consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of a nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the actor's situation.

We find no valid basis for appellant's contention. The instruction given properly set forth three sets of acts and circumstances any one of which constitutes battery in the second degree. Only one of these sets of acts and circumstances involve the word *recklessly*. There is no showing here that the jury necessarily found the appellant guilty under the section of the statute requiring the action to be done *recklessly*. Second, the word *recklessly* is not an obscure, vague or technical word outside the scope of the common understanding of the ordinary individual or juror. Therefore, even though there is a statutory definition in the Criminal Code we are not persuaded the precise definition is essential for the jury's understanding of the charge of battery in the second degree. We believe an average individual or juror would ascribe substantially the same meaning for the word as contained in the statutory definition. Finally, if appellant desired that the word be defined in the instructions it was his duty to request

such instructions. *Bousquet* v. *State*, 261 Ark. 263, 548 S.W. 2d 125 (1977); *Hilliard* v. *State*, 259 Ark. 81 (1976).

While it would have been in order for the court to define *recklessly*, we hold it was not reversible error for the court to fail to do so absent a request for such instruction.

Affirmed.