## Rodney HEWITT *v.* STATE of Arkansas

CR 93-1393                                877 S.W.2d 926

Supreme Court of Arkansas
Opinion delivered June 20, 1994
[Rehearing denied September 12, 1994.*]

*James F. Lane*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of second degree murder and sentenced to twenty years imprisonment. This court took appellate jurisdiction because appellant's arguments in his brief draw into question the interpretation of an act of the General Assembly, the Constitution of Arkansas, and the United States Constitution. *See* Ark. Sup. Ct. R. 1-2(a)(1) & (3). However, the constitutional and statutory issues were not raised below and therefore are not preserved for appeal.

Appellant was charged and convicted in the Circuit Court of Faulkner County which is a part of the Twelfth Judicial Circuit. The Honorable Andre McNeil is a duly elected chancery and probate judge of the Twentieth Judicial District and presided

---

*Brown, J., would grant rehearing.

over appellant's jury trial in circuit court pursuant to a statute that allows circuit and chancery judges within the same geographically defined circuit or district to temporarily exchange circuits and districts. *See* Ark. Code Ann. § 16-13-403 (Repl. 1994); *see also* Survey of Legislation: 1991 Arkansas General Assembly, 14 U. Ark. Little Rock L.J. 727, 829-30 (1992).

At trial, appellant objected to Judge McNeil's "status as the trial judge," arguing that only a "person whose status is that of a duly elected circuit judge" can properly preside over a felony criminal trial. The trial judge overruled the objection by stating that a 1992 Act removed any doubt about the validity of his presiding over the trial. Appellant did not argue to the trial court that the 1992 Act, or any other act, constituted an unconstitutional delegation of legislative authority. He did not assert that there was a conflict between sections 16-13-403 and -2803 of the Arkansas Code Annotated of 1987. He did not apprise the trial judge that he was contending the voters might have been misled when they elected chancellors and probate judges. Yet those are the arguments he seeks to raise in this appeal. His objection was as follows:

> I am . . . objecting to your status as the trial judge, the circuit judge, in this action. And, specifically, I'm wanting to raise and make the objection that the attorney failed to make in *Simpson* v. *State*, 310 Ark. 493 (1992), not to the jurisdiction of the circuit court which has jurisdiction, but to your status because you are the duly elected, serving, and acting chancellor and probate judge and not a circuit judge. And on behalf of my client, I ask that the trial of this matter be transferred to the jurisdiction of a duly elected circuit judge, or to a person whose status is that of a duly elected circuit judge.

The trial court denied the motion, stating that the "problem in State of Arkansas versus Simpson" was cured by the Legislature during its 1992 special session and that the question presented in *Simpson* was no longer an issue. Appellant made no argument that the 1992 Act was invalid.

A brief background will assist the reader in understanding both the nature of the objection that was made and the trial judge's

ruling. In *Simpson* v. *State*, 310 Ark. 493, 837 S.W.2d 475 (1992), the case cited by appellant in his objection, Simpson argued on appeal that the chancellor that presided over his criminal trial lacked "subject matter jurisdiction to do so." *Id.* at 499, 837 S.W.2d at 478. He did not make an argument challenging the chancellor's authority to hear his case. We held that his challenge to the authority of the sitting judge was not preserved for appeal, as such an argument is not a question of subject matter jurisdiction and, consequently, must be raised before the trial court to be properly preserved. *Id.* In another decision earlier that year, *Lee* v. *McNeil*, 308 Ark. 114, 823 S.W.2d 837 (1992), we considered a challenge to the authority of a chancellor to try a criminal case under an exchange agreement and held that there was no legislative authority for chancellors and circuit judges within the same district to hold court for each other. On those grounds, we granted a request for a writ of mandamus to direct the judge to refrain from that action. *Id.* at 119, 823 S.W.2d at 840. In response to the "substantial doubt [which had arisen regarding] the legality" of such exchanges, the General Assembly at its 1992 Extraordinary Session passed Act 51, which amended section 16-13-403 of the Arkansas Code Annotated of 1987 to expressly provide for chancellors and circuit judges within the same districts and circuits to enter into temporary exchange agreements. *See* Acts of 1992, No. 51 § 7 (emergency clause); *see also* Survey, *supra* at 829-30. The narrow question of legislative authority which we considered in *Lee* was thus rendered moot.

The question appellant presented to the trial court is the same as the one presented in *Lee*, but after *Lee*, the General Assembly enacted Act 51 of the Extraordinary Session of 1992. However, for the first time on appeal appellant attempts to dispute the validity of the 1992 Act. First, he asserts that section 16-13-403 of the Arkansas Code Annotated of 1987 is an unconstitutionally improper delegation of lawmaking authority to a judicial branch. Second, he argues that this section was superseded by Act 131 of 1993 (codified at Ark. Code Ann. § 16-13-2803 (Repl. 1994)). Effective January 1, 1997, Act 131 will change the position that Judge McNeil currently holds into a circuit-chancery judgeship having jurisdiction in law, equity, and probate. *See* Ark. Code Ann. § 16-13-2803(d). Appellant contends that, through

the passage of Act 131, the General Assembly intended to void the exchange agreements authorized by section 16-13-403; thus, Judge McNeil cannot legally preside over criminal actions until 1997. Finally, he argues that section 16-13-403 permits chancellors to discharge particular judicial duties which they were not elected to perform. These arguments were not presented to the trial court and were not preserved for appeal.

■■ The requirement that a defendant in a criminal case make a specific objection at trial in order to preserve his argument on appeal is well established. *See Terry* v. *State*, 309 Ark. 64, 826 S.W.2d 812 (1992); *Swanson* v. *State*, 308 Ark. 28, 823 S.W.2d 812, (1992); *Brooks* v. *State*, 256 Ark. 1059, 511 S.W.2d 654 (1974). A specific objection is one which apprises the court of the particular error to which the party complains so that the trial court can have the opportunity to correct the error. *Brooks*, 256 Ark. at 1063, 511 S.W.2d at 656. It is also well settled that a party cannot change the basis of argument on appeal. *Oliver* v. *State*, 312 Ark. 466, 851 S.W.2d 415 (1993); *Crow* v. *State*, 306 Ark. 411, 814 S.W.2d 909 (1991). Appellant's argument at trial did not apprise the trial court of the arguments he now makes on appeal. Thus, we do not reach the arguments and, accordingly, affirm the judgment of conviction.

Affirmed.

NEWBERN and BROWN, JJ., dissent.

ROBERT L. BROWN, Justice, dissenting. This is an important case in that it holds that an objection by defense counsel urging that a chancellor not sit as the judge in a criminal trial was not specific enough to preserve the issue for our review. With this decision, this court has become overly technical with its requirements on objections, and for that reason I dissent.

What the defense counsel did, as the majority correctly relates, is object to Chancellor McNeil's presiding at this criminal trial on July 20, 1993, on the grounds that he was elected as a chancery judge and not as a trial judge for criminal matters. The judge overruled the objection and referred to a recent legislative act as having cured any problem relating to his authority to hear criminal cases. The colloquy between the chancellor and defense counsel is worth repeating:

DEFENSE COUNSEL: Ready to proceed, Your Honor, but on behalf of defendant Rodney Hewitt, I did want to make one motion in chambers with respect to your sitting as the circuit judge in this action, on Rodney's behalf. And as I indicated previously — earlier, I was going to make this objection. I am filing — objecting to your status as the trial judge, the circuit judge, in this action. And, specifically, I'm wanting to raise and make the objection that the attorney failed to make in Simpson versus State 310 Ark. 493 1992, not to the jurisdiction of the circuit court which has jurisdiction, but to your status because you are duly elected, serving and acting chancellor and probate judge and not a circuit judge. And on behalf of my client, I ask that the trial of this matter be transferred to the jurisdiction of a duly elected circuit judge, or to a person whose status is that of a duly elected circuit judge.

PROSECUTOR: Obviously, we oppose the motion and a transfer, and we rely upon the — rely upon the exchange agreement that was prepared after proper research in the legislation and other court rulings as prepared by the members of the bench in the Twentieth Judicial District. An, uh, I feel that that, uh — if the three sitting judges think it's a good agreement, I think it's a good agreement, and I think that it's proper for you to hear this case.

THE COURT: Mr. Lane, as I understand it, the Legislature has cured the problem in the State of Arkansas versus Simpson during the 1992 emergency session or special session of legislature, and that the problem that would be encountered in Simpson ver— State versus Simpson is no longer an issue.

Your motion is denied.

On appeal, the appellant asserts that the chancellor's reliance on the 1992 Act (Act 51) was error and cites three reasons:

1. Article 7, section 22 of the Arkansas Constitution does not authorize intradistrict exchanges among circuit judges and chancellors; that is a matter for the General Assembly.

2. Act 131 of 1993 establishes a circuit-chancery judge position in the 20th judicial district to be effective January 1, 1997, which complies with Article 7 of the Arkansas Constitution.

3. The voters of the 20th judicial district did not elect Chancellor McNeil to serve as a criminal judge.

The majority concludes that the appellant did not apprise the chancellor of these precise arguments and, thus, the chancellor had no opportunity to consider them. I do not agree. Point 3 was expressly raised, although the majority opinion mistakenly concludes that it was not. Points 1 and 2 are merely supporting arguments to the objection made.

For the defense counsel to have expounded on his objection any more than he did would have been akin to telling Noah about the flood. The chancellor involved in this case was well apprised of the issues involved. Indeed, Chancellor McNeil was the chancellor in the two significant cases handed down by this court which pertain to this issue: *Lee* v. *McNeil*, 308 Ark. 114, 823 S.W.2d 837 (1992) and *Simpson* v. *State*, 310 Ark. 493, 837 S.W.2d 475 (1992). Moreover, the effort in the 20th Judicial District to enter into exchange agreements whereby chancellors and circuit judges could exchange courts no doubt was the catalyst for the passage of Act 51 of 1992 and, later on, Act 131 of 1993. In sum, there is little reason to believe that the chancellor was in any way surprised by the arguments made on appeal.

The majority holds that not only must the defense counsel make a specific objection, but counsel must cite all legal authority in favor of that objection at the time it is made. This goes too far. Surely, Chancellor McNeil was fully aware of Article 7, Section 22 of the Arkansas Constitution which was at issue in *Lee* v. *McNeil, supra*. The invalidity of Act 51 of 1992, the appellant contends, is further acknowledged and evidenced by the fact that the General Assembly subsequently enacted Act 131 of 1993, which specifically relates to the 20th Judicial District and which specifically directs that the chancery judgeship shall become a circuit-chancery judgeship with jurisdiction over law and equity cases, effective January 1, 1997. Ark. Code Ann. § 16-13-2803 (Repl. 1994). In other words, Act 131 complied with the Arkansas

Constitution where Act 51 did not. That is a supporting argument which is legitimately made on appeal. Is the majority seriously contending that if authority for one's position is found after trial, it cannot be used on appeal?

The oft-stated policy behind specificity in objections is to let the trial judge know the basis of the objection. That was done here. Had defense counsel made a general objection to the chancellor's judging the case, the majority's position might be more valid, but here he asserted that the chancellor had no authority to preside over a criminal trial and alluded to a case in point — *Simpson* v. *State, supra* — which involved the same chancellor. In *Simpson*, we refused to review the issue of the chancellor's ability to sit on a criminal case because an objection had not been made. In this case, defense counsel said that he was making the objection which counsel failed to make in the *Simpson* case regarding the same chancellor's status. Now, having made that objection, this court holds that he still had to go further and cite his supporting arguments, chapter and verse. No doubt defense counsel is now pondering whether it is all but impossible to have this issue reviewed.

The matter of the appellant's objection is not a close question in my opinion. But assuming it was, our predisposition should be to hear the case on the merits rather than to rush to embrace a reason which has the effect of avoiding the issue. This is a pressing matter that needs resolution. At the very least we should address the appellant's argument that the chancellor was not elected to preside over a criminal jury trial, which was expressly raised at trial. The State does not argue the merits of this case but only lack of a specific objection. I would ask for rebriefing of the jurisdictional issue by the State and consider the merits.

NEWBERN, J., joins.