Cite as 2019 Ark. App. 502

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-18-680

|  |  |
|---|---|
| KERRIE LOUISE DAVIS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** October 30, 2019<br><br>APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT<br>[NO. 15CR-17-110]<br><br>HONORABLE JERRY RAMEY, JUDGE<br><br>AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER; MOTION TO WITHDRAW GRANTED |

## LARRY D. VAUGHT, Judge

This is a no-merit appeal on behalf of Kerrie Davis following her conviction by a Conway County Circuit Court jury of possession of methamphetamine with purpose to deliver. We affirm the conviction and grant counsel's motion to withdraw.

On May 19, 2017, Davis was charged with possession of methamphetamine with purpose to deliver. When she appeared for a jury trial on May 23, 2018, Davis advised her counsel that she needed a continuance to hire a private attorney. Counsel moved for a continuance of the jury trial. The circuit court denied the motion, finding the case was a year old, that private counsel had not appeared with Davis in court, and Davis could not show that she had retained private counsel. In fact, she stated that she had spoken to an attorney but could not remember the attorney's full name.

The trial proceeded, and the State elicited testimony from Sergeant Andy Force of the Morrilton Police Department. Force testified he came into contact with Davis on March 7, 2017, during a traffic stop in Morrilton. Force testified that he stopped a Plymouth Breeze operated by Crystal Chambers and that Davis was a passenger in the vehicle. Force discovered that Davis had outstanding warrants for her arrest and took her into custody. A female employee of the police department, Christy Rooney, searched Davis when they arrived at the police station. Force testified that Rooney returned from searching Davis and handed him a package containing a crystal-white substance and two different pills. These items were entered into evidence as exhibits.

Christy Rooney testified that she is employed by the Morrilton Police Department, and while at work on March 7, Sergeant Force asked her to search Davis. During the search, Rooney found four plastic baggies inside Davis's bra. Rooney identified the State's exhibits as the items she had discovered on Davis.

Reece Borchers testified that he is employed by the Arkansas State Crime Laboratory as a chemist and that he had analyzed the evidence seized from Davis during the search. Borchers testified that he tested these items and found that the substance was methamphetamine. On cross-examination, Borchers testified that the substance he tested and measured in this case was determined to be 1.0088 grams of methamphetamine.

The jury found Davis guilty of possession of methamphetamine with purpose to deliver. During the sentencing phase, Davis testified she agreed to work for the Drug Task Force (DTF) to make three controlled buys. Davis stated that she made one buy for DTF but that they did not drop the charges. Counsel then asked Davis if DTF had said why it would

2

not drop the charges. The State objected to the question as eliciting hearsay, and the court sustained the objection.

In response to her counsel's next question, Davis began to testify about what a third party, Nathan Watkins, had told her. Again the State's hearsay objection was sustained by the circuit court.

The jury sentenced Davis to fifteen years in the Arkansas Department of Correction. Davis filed a timely appeal. We previously ordered rebriefing of counsel's no-merit appeal due to briefing deficiencies, which have now been cured.

In keeping with the requirements of *Anders v. California*, 386 U.S. 738 (1967), counsel has listed all adverse rulings and has adequately briefed the court as to why each ruling would not present a nonfrivolous basis for appeal. The first adverse ruling was the court's denial of Davis's motion for a continuance made on the morning that the jury trial was set to begin. The denial of a motion for a continuance is reviewed for abuse of discretion. *Davis v. State*, 2014 Ark. App. 589; *Mahomes v. State*, 2013 Ark. App. 215, 427 S.W.3d 123. In order to warrant reversal, an appellant must demonstrate both that the circuit court abused its discretion in denying the continuance and also show prejudice from the denial of the continuance that amounts to a denial of justice. *Id.*

Here, Davis advised her appointed counsel that she had spoken to a private attorney and needed a continuance to hire that attorney as private counsel. Her appointed attorney moved for a continuance, but Davis could not show the court that she had retained private counsel. In fact, she could not remember the last name of the attorney with whom she had spoken. The court noted that the case had been pending for a year, meaning that Davis had

already had plenty of time to hire private counsel if she desired to do so. We agree that the denial of Davis's motion for a continuance was not an abuse of discretion.

The second adverse ruling was the court's finding that the State had carried its burden of proving that Davis was guilty of possession of methamphetamine with intent to deliver. On appellate review of the sufficiency of the evidence, the court seeks to determine whether the verdict is supported by substantial evidence. *Ashe v. State*, 57 Ark. App. 99, 942 S.W.2nd 267 (1997). In *Jones v. State*, 269 Ark. 119, 598 S.W.2d 748 (1980), the court held that substantial evidence, whether direct or circumstantial, must be of "sufficient force and character that it will, with reasonable and material certainty and precision, compel a conclusion one way or the other." *Id.* at 120, 598 S.W.2d at 749 (citing *Pickens-Bond Constr. Co. v. Case*, 266 Ark. 323, 330, 584 S.W.2d 21, 25 (1979)).

Sergeant Force testified that he initiated a traffic stop on March 7, 2017, and that Davis was a passenger in the vehicle. Due to outstanding warrants, Force arrested Davis. Davis was searched, and she was discovered to have a package of a crystal-white substance and two pills. The officer who conducted the search also testified to finding the items on Davis. A detective with the Morrilton Police Department testified to the chain of custody, explaining that he had received the package from Sergeant Force and had delivered it to the state crime lab. An employee of the state crime lab testified that he had tested the substance and that it was 1.0088 grams of methamphetamine. The evidence introduced at trial was sufficient to support Davis's conviction for possession of methamphetamine with intent to deliver. We affirm on this point.

There were also two adverse evidentiary rulings, neither of which present a meritorious argument for appeal. The court then sustained two hearsay objections during the sentencing

4

phase of the trial. Davis testified that she agreed to work for DTF to make three buys but that they did not drop the charges against her as promised. When counsel asked Davis if anyone from DTF had said why it would not drop the charges, the State objected on hearsay grounds, and the court sustained the objection. Immediately thereafter, in response to another question, Davis began to testify as to what Nathan Watkins had told her. Again, the State objected on the basis of hearsay, and again the court sustained the objection. In both cases, the court did not abuse its discretion in sustaining the objections.

Arkansas Rule of Evidence 801(c) defines hearsay as a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted. Both statements here were made out of court and were offered for the truth of the matter asserted. Again, we agree with counsel's contention that these rulings would not present a nonfrivolous basis for appeal.

Davis has also filed pro se points for reversal, and the State has responded to her points. She raises eleven separate points, but they present only seven distinct issues.

First, she argues that the Morrilton Police Department failed to honor a deal it made with her regarding her charges. This argument is not preserved for appeal because Davis filed no motion to dismiss or sought other relief based on this argument. The requirement that a defendant in a criminal case make a specific objection at trial in order to preserve the argument on appeal is well established. *Hewitt v. State*, 317 Ark. 362, 365, 877 S.W.2d 926, 928 (1994). A specific objection is one that apprises the court of the particular error to which the party complains so that the circuit court can have the opportunity to correct the error. *Id.* It is also well settled that a party cannot change the basis of an argument on appeal. *Id.* To the extent

5

that Davis is attempting to argue that the court should not have sustained the hearsay objections to her testimony regarding the deal, we have addressed that issue above. If she is attempting to raise a different challenge, it was not presented to the circuit court and is not preserved for appeal.

In points two through six of her pro se points for reversal, Davis argues that she was allegedly arrested multiple times during the pendency of this case on invalid warrants and had to post bond multiple times. The State argues that Davis has failed to present a record on appeal that would allow us to address these issues. These arguments present no basis for reversing the conviction she now appeals.

Next, Davis argues that her failure-to-appear charge was incorrectly placed under a separate case filing. This seems to be a complaint about how a separate charge—not at issue in this appeal—was filed. This argument presents no basis for reversal of the conviction she now appeals.

In points seven and eleven of her pro se points, Davis contends that the court should have granted a mistrial or dismissed the charge because the State first erroneously filed the charge as a B felony and later amended it to a C felony. The charge was amended after the state crime lab determined that Davis possessed more than one gram, but less than two grams, of methamphetamine. This argument is not preserved for appeal because she failed to move for dismissal or seek other relief related to this argument. *See Curl v. State*, 2019 Ark. App. 200, at 3, 575 S.W.3d 458, 460.

Davis next argues ineffective assistance of counsel. She contends that her attorney "did not defend me at all." This issue is not preserved for appeal. It is well settled that we will not

consider ineffective assistance as a point raised on direct appeal unless that issue has been considered and ruled on by the circuit court. *Ratchford v. State*, 357 Ark. 27, 31, 159 S.W.3d 304, 306 (2004).

Davis also argues that the jury should have been informed of the drug-treatment programs available in the Arkansas Department of Correction in response to its handwritten note to the circuit court during deliberations that read, "Is there a drug program available in the Dept of Corrections?" After conferring with counsel, the court responded to the jury with a note saying, "You shall refer to the testimony, evidence, and instructions provided in relation to your question." Counsel for both parties agreed with this response. Because her counsel did not object to the court's response, this issue is not preserved for appeal. *Hewitt*, 317 Ark. at 365, 877 S.W.2d at 928. Moreover, we see no error in the court's response, and Davis's counsel waived any challenge to it by agreeing to its appropriateness.

Finally, Davis argues that the court should have granted her a continuance to hire private counsel. This issue is addressed above; denial of the motion for a continuance was not an abuse of discretion.

We therefore affirm and grant counsel's motion to withdraw. Although not raised by either party, we must also address an error in the court's sentencing order. The court erroneously checked a box stating that Davis was convicted by the court and sentenced by the jury, when in fact she was both convicted and sentenced by the jury. In *Sizemore v. State* we held:

> A circuit court can enter an order *nunc pro tunc* at any time to correct clerical errors in a judgment or order. Accordingly, we affirm appellant's conviction, but we remand in part for the circuit court to correct the sentencing order.

7

*Sizemore*, 2015 Ark. App. 728, at 8–9, 478 S.W.3d at 285–86 (internal citations omitted). We remand for the circuit court to correct the clerical error contained in the sentencing order.

Affirmed; remanded to correct sentencing order; motion to withdraw granted.

GRUBER, C.J., and WHITEAKER, J., agree.

*Robert N. Jeffrey, Attorney at Law*, by: *Robert N. Jeffrey*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.