Cite as 2021 Ark. App. 57

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–20–58

| | |
|---|---|
| GARY CONLEY | **Opinion Delivered:** February 10, 2021 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60CR-18-2806] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE HERBERT WRIGHT, JUDGE |
| | AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |

## BART F. VIRDEN, Judge

In July 2018, appellant Gary Conley pointed a pistol at the owner of Golden Food Mart in Little Rock and threatened to shoot him. A Pulaski County jury convicted him of aggravated assault. Conley was sentenced as a habitual offender to fifteen years' imprisonment. He was given an additional fifteen-year term of imprisonment for using a firearm in the commission of the offense. The trial court ordered the sentences to run consecutively for an aggregate term of thirty years' imprisonment. Conley argues for the first time on appeal that he received an illegal sentence with respect to the firearm enhancement. We affirm but remand for correction of the sentencing order to reflect Conley's habitual-offender status.[1]

---

[1]*See, e.g., Conery v. State*, 2019 Ark. App. 529, 590 S.W.3d 162.

## I. *Relevant Statutes*

A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he purposely displays a firearm in such a manner that creates a substantial danger of death or serious physical injury to another person. Ark. Code Ann. § 5-13-204(a)(2) (Supp. 2019). Aggravated assault is a Class D felony. Ark. Code Ann. § 5-13-204(b). Arkansas Code Annotated section 16-90-120(a) (Repl. 2016), the firearm-enhancement statute, provides that "[a]ny person convicted of any offense that is classified by the laws of this state as a felony who employed any firearm of any character as a means of committing or escaping from the felony, in the discretion of the sentencing court, may be subjected to an additional period of confinement in the Division of Correction for a period not to exceed fifteen (15) years." Further, "[t]he period of confinement, if any, imposed under this section shall be in addition to any fine or penalty provided by law as punishment for the felony itself. Any additional prison sentence imposed under the provisions of this section, if any, shall run consecutively and not concurrently with any period of confinement imposed for conviction of the felony itself." Ark. Code Ann. § 16-90-120(b).

## II. *Discussion*

Conley argues that the portion of the sentence imposed on him pursuant to section 16-90-120(a)–(b) is illegal because, in this instance, the firearm-enhancement statute produces an absurd result that the General Assembly could not have intended. According to Conley, the firearm-enhancement statute teaches him and others "a bizarre lesson" in that the legislature seems to be prohibiting a person from employing a firearm to display a firearm. Conley further asserts that sentencing him pursuant to the firearm-enhancement statute is contrary to statutory-interpretation maxims. He points specifically to the rule of lenity and the rule that precedence

is given to the terms of a more specific statute with respect to the imposition of criminal punishment over a more general statute.

An appellant can challenge an illegal sentence for the first time on direct appeal. *Ellis v. State*, 2019 Ark. 286, 585 S.W.3d 661. On direct appeal, "for purposes of appellate review, the issue of an illegal sentence is not solely whether it is within the prescribed statutory range, but whether the trial court had the authority to impose the sentence." *Donaldson v. State*, 370 Ark. 3, 6, 257 S.W.3d 74, 77 (2007). In Arkansas, sentencing is entirely a matter of statute. *Walden v. State*, 2014 Ark. 193, 433 S.W.3d 864.

Conley received the maximum sentences for the underlying felony as a habitual offender and under the firearm-enhancement statute. He does not argue that his sentences exceed the statutory limits; therefore, Conley must be arguing that the trial court did not have the authority to sentence him pursuant to the firearm-enhancement statute. Conley does not assert that the trial court acted contrary to Ark. Code Ann. § 16-90-120(a)–(b); rather, he points to some overlapping language and asserts that it is absurd for the legislature to have provided for additional punishment for using a firearm to commit an underlying felony that necessarily involves the use of a firearm.[2] He states that his sentence is thus "not fair, not just, and not sensible." Conley is not making an illegal-sentence argument.[3] While Conley frames it as a

---

[2]We note that a dissenting justice in *Williams v. State* called the firearm-enhancement statute "confused at best" and invited the legislature to reexamine the language. 364 Ark. 203, 212, 217 S.W.3d 817, 823 (2005) (Hannah, C.J., dissenting). The General Assembly is presumed to be familiar with the appellate courts' interpretation of its statutes, and if it disagrees with those interpretations, it can amend the statutes. *Smith v. State*, 2013 Ark. 364. In the sixteen years since our supreme court's decision in *Williams*, the legislature has not significantly altered the language of the firearm-enhancement statute.

[3]The State argues that Conley's argument is not preserved because it is not an illegal-sentence argument but rather a double-jeopardy claim that must have been raised below. *See,*

statutory-interpretation argument, his argument is more of an application argument. In any event, Conley raised no objection to the prospect of receiving an enhanced sentence under section 16-90-120(a)–(b) at his trial or his sentencing hearing.

The requirement that a defendant in a criminal case make a specific objection at trial in order to preserve his argument on appeal is well established. *Hewitt v. State*, 317 Ark. 362, 877 S.W.2d 926 (1994). A specific objection is one that apprises the trial court of the particular error to which the party complains so that the trial court has the opportunity to correct the error. *Id*. In *Walton v. State*, 2013 Ark. App. 561, Walton argued that the plain language of section 16-90-120(a) did not contemplate its application to accomplices. He further maintained that the statute was ambiguous at best and that the ambiguity must be resolved in his favor. We held that the issue was not preserved for review because nowhere below did Walton object to the imposition of the enhanced sentence. Likewise, Conley's argument is not preserved for review. *See, e.g.*, *Webb v. State*, 2012 Ark. 64 (holding that, because appellant did not ask the trial court to interpret Ark. Code Ann. § 5-1-110(b)(3) in the manner he requested on appeal, there was no decision to review).

Affirmed; remanded to correct sentencing order.

ABRAMSON and HIXSON, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.

---

*e.g.*, *Campbell v. State*, 2017 Ark. App. 340, 525 S.W.3d 465. To the extent Conley raises a double-jeopardy argument, we agree.