Phillip VANCE v. STATE of Arkansas

CR 85-181 704 S.W.2d 170

Supreme Court of Arkansas
Opinion delivered February 24, 1986

*William R. Simpson, Jr.,* Public Defender, *Jerry Sallings,* Deputy Public Defender, by: *Deborah R. Sallings,* Deputy Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Connie Griffin,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Phillip Vance was convicted of aggravated robbery and theft of property in connection with the January 18, 1985 robbery of a Little Rock branch bank. On April 1, 1985 the circuit court noted that the defense of mental disease or defect might be raised and ordered that Vance be examined at the Pulaski County jail by a psychiatrist then under contract to provide psychiatric services at the jail. The order directed the examining psychiatrist to notify the court of the defendant's fitness to proceed and the requirements of further psychiatric examination if necessary.

On April 6 the psychiatrist responded on a form stating that he had conducted a psychological competency screening of Phillip Vance to determine competency, with the following result:

"___X___ not with psychosis and competent to stand trial."

At a later hearing the public defender asked the court to order an additional evaluation in view of information that Vance had been discharged from the Navy with mental disability, had been hospitalized in San Francisco, for mental problems, had had an injury of some kind to his head requiring surgery, and had been discharged from the Arkansas State Hospital on January 17, 1985, the day before the robbery from which these charges arose.

The court declined to order any further screening and the jury found Phillip Vance guilty, rejecting testimony by a psychiatrist who examined Vance at the Arkansas State Hospital in January, 1985, and had diagnosed him as having a psychotic illness—chronic schizophrenia, paranoid type, with acute exacerbation. Concurrent sentences of thirty years for aggravated robbery and twenty years for theft of property were imposed.

Vance has appealed on the premise that his due process rights were violated by the trial court's failure to order a forensic psychological evaluation. We think the argument must be sustained.

■ Ark. Stat. Ann. § 41-605 provides that when the court has reason to believe mental disease or defect of the defendant will become an issue, or there is reason to doubt the defendant's fitness to proceed, the court shall order that the defendant undergo examination by one or more qualified psychiatrists at a local regional mental health center or clinic, or shall appoint at least one qualified psychiatrist to make an examination and report on the defendant's mental condition, or shall commit the defendant to the Arkansas State Hospital, or other suitable facility, for an examination for thirty days, or such longer period as the court deems necessary. The statute provides for such further examination and observation as may be warranted.

■ The report required by the statute "shall include the following: (a) a description of the nature of the examination; (b) a diagnosis of the mental condition of the defendant; (c) an opinion as to his capacity to understand the proceedings against him and to assist effectively in his own defense; (d) an opinion as to the extent, if any, to which the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was impaired at the time of the conduct alleged[.]"

The report in this case told the court virtually nothing and was palpably in noncompliance with the statute. In light of the insufficient report, coupled with Vance's history of mental illness, further observation and examination as contemplated by the statute should have been ordered.

Reversed and remanded.

PURTLE, J., not participating.