STATE of Arkansas *v.* Tracy SETZER

CR 90-38                                                    791 S.W.2d 365

Supreme Court of Arkansas
Opinion delivered July 2, 1990

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellant.

*Terry Crabtree*, for appellee.

ROBERT H. DUDLEY, Justice. The State charged appellee Tracy Setzer with criminal use of a prohibited weapon. The trial court directed a verdict in favor of the appellee. The State applies for an opinion certifying error. We dismiss the appeal.

On the evening in question the appellee, who had been previously convicted of either one or two felonies, was one of about thirty (30) people at a party. He was drinking. A bearded dark-haired man "run into me and spilled my drink down the front of my shirt and, you know, he was just kinda rude about it." They had "a few words back and forth" and the man came at appellee with brass knuckles. Appellee took the knuckles away from the man "because I didn't want to get hit with them." "I put them in my back pocket and forgot about them." "I wasn't intending to use them or nothing. I just put them in my pocket." About two hours later the police arrested appellee for public intoxication. At that time there were no other people around and appellee was not combative with the police. He was subsequently charged with use of a prohibited weapon.

The statute at issue, Ark. Code Ann. § 5-73-104(a) (1987), provides in pertinent part:

> A person commits the offense of criminal use of prohibited weapons if, except as authorized by law, he. . .possesses. . .metal knuckles, or other implement for the infliction of serious physical injury or death which serves no common lawful purpose.

The State contends that the trial judge, in interpreting the statute, erroneously held that the phrase "for the infliction of serious physical injury or death" modifies "possesses" and, as a result, wrongly required the State to prove that the appellee possessed the knuckles with the intent to inflict serious injury or death on someone. We are not clearly satisfied that the court so ruled, and accordingly, we will not declare error.

■■ Two additional matters of law are helpful in understanding the trial court's ruling. First, the "Use of Prohibited

Weapons" statute does not create a strict liability offense. It requires proof of a culpable mental state. The State admits that under the provisions of Ark. Code Ann. § 5-2-203(b) (1987), it had to prove that appellee purposely, knowingly, or recklessly possessed the knuckles. Second, the General Assembly could have criminalized mere possession of brass knuckles. It knows how to do so, but deliberately chose to write two exceptions into the law. One of them, Ark. Code Ann. § 5-73-104(b)(2) (1987), provides that it is a defense to prosecution under this statute if "The defendant . . . possessed . . . [metal knuckles] under circumstances negating any likelihood that the weapon could be used unlawfully." While the trial judge's ruling is not perfectly clear, it is doubtful that he ruled that the State was required to prove that appellee possessed the brass knuckles "with the intent to use them to inflict serious physical injury or death." Instead, it seems more likely that he was discussing the two matters of law set out above. The ruling was as follows:

> THE COURT: Well, the statute says except and as authorized by law a person cannot be in possession of this weapon, and certainly a person is authorized by law to defend himself; and as the testimony went in this case—I mean, Mr. Setzer made no aggressive act toward Officer Lott or the other officers at the time of the arrest, other than having a bad mouth, apparently. But as far as showing any aggressive behavior toward the officer, none was shown. Other than trying to get away, he wasn't trying to commit any act of violence against the person or the officer who arrested him, and there's no evidence on the record that Mr. Setzer has a habit or trade of committing acts of violence against the persons of other people.

> It's admitted that he's been to the penitentiary once or twice for theft and burglary, I think that's what they were, but in any event—and then we have the testimony of Ms. Setters and Mr. Setzer that he took the knuckles—knucks, or whatever you want to call them, brass knuckles—away from a person who attacked him with them at this party and that some two, three, three-and-a-half hours later.

> I think there has to be some scienter here. There has to be some intent to possess the weapons, or the weapon, for

the purpose of using it against another person. Now, it doesn't have to be much because mere possession of this under other circumstances it might very well create a presumption of intent to use it or supply the necessary scienter.

In this case, based on the fact that they were removed from another person who made aggressive acts toward him and then his subsequent arrest in which he made no aggressive acts toward the officer, as far as acts of violence, and in the absence of proof that he had a habit of just acts of violence against other people, the Court finds Mr. Setzer not guilty.

■ Since it is not certain that the State was required to prove that appellee possessed the brass knuckles "with the intent to use them to inflict serious physical injury or death," we decline to certify error. Accordingly, we dismiss the State's appeal.

Dismissed.

HOLT, C.J., and HAYS and GLAZE, JJ., dissent.

STEELE HAYS, Justice, dissenting. The wording of Ark. Code Ann. § 5-73-104(a) (1987) makes it clear that no proof of intent is necessary in the offense of criminal use of prohibited weapons:

A person commits the offense of criminal use of prohibited weapons, if, except as authorized by law, he uses, possesses, makes, repairs, sells, or otherwise deals in any bomb, machine gun, sawed-off shotgun, firearm specially made or specially adapted for silent discharge, metal knuckles, or other implement for the infliction of serious physical injury or death which serves no common lawful purpose.

Moreover, the pattern for our statute is Section 5.07 of the Model Penal Code, the Comment to which reads:

This section, unlike 5.06, departs from the requirement of criminal intent in its coverage of the making, selling, repairing, dealing in or possession of certain instruments of crime. It does so with respect to a category of weapons, defined as "offensive weapons," that have little or no lawful use and that thus are peculiarly suitable for criminal purposes. It was deemed right in this instance to pursue the

approach of outright prohibition, rather than the more tolerant approach demanded by the broader coverage of Section 5.06.

Where the legislature intends a specific intent it includes that as an element of the crime. Thus Ark. Code Ann. § 5-73-120(a) (1987), "carrying a weapon," reads:

> A person commits the offense of carrying a weapon if he possesses a handgun, knife, or club on or about his person, in a vehicle occupied by him, or otherwise readily available *for use with a purpose to employ it as a weapon against a person.* [My emphasis.]

In finding the appellant not guilty of violating § 5-73-104(a), the trial judge remarked:

> I think there has to be some scienter here. *There has to be some intent to possess the weapons*, or the weapon, *for the purpose of using it against another person.* [My emphasis.]

The only plausible interpretation of that comment is the trial judge concluded that the state must prove the defendant intended to use the prohibited weapon. That imposes an element of proof not required under the law and I believe this court should declare error.

HOLT, C.J., and GLAZE, J., join.