Lyndale "Wimpy" WALKER *v.* STATE of Arkansas

CR 90-143                                    797 S.W.2d 447

Supreme Court of Arkansas
Opinion delivered October 22, 1990

*Honey & Honey, P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Ann Purvis*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Eddie's Food Mart in Bluff City, Nevada County, was robbed by two men on June 28, 1989, July 8, 1989, and again on July 20, 1989. Lyndale "Wimpy" Walker, the appellant, and Hector Rodriguez were charged with all three robberies. A severance was granted, and Walker was tried separately and convicted of the aggravated robbery and theft of property which occurred July 20. He had not been tried for the crimes he was charged with having committed earlier. He was sentenced as an habitual offender to life imprisonment for the aggravated robbery and to 30 years imprisonment, to be served concurrently, for the theft. Walker appeals, stating five points of error. The conviction is affirmed.

The July 20 robbery was committed by two men carrying rifles. They went into the store and took a money box containing cash and checks. Walker was captured after a manhunt. The store owner, who was present when Walker was placed in the sheriff's car after being arrested, told the sheriff he hoped the money box could be found. The sheriff said he would see what he could do, whereupon Walker said the box was located in four inches of water and he could take them to it.

While in the sheriff's car, Walker was read his rights, as required by *Miranda* v. *Arizona*, 384 U.S. 436 (1966), and he

signed a document acknowledging he had been informed of his rights. Later, he made a tape recorded confession.

Prior to the trial Walker's counsel moved to suppress Walker's statements on the ground that they were made while he was in custody and without a proper warning. The motion was denied. He also moved *in limine* to preclude any testimony by prosecution witnesses with respect to "any matters pertaining to the other offenses and convictions." That motion was granted.

## 1. References to prior robberies

A store clerk and the sheriff, testifying as prosecution witnesses on direct examination, both made unmistakable references to the previous robberies in their testimony. On cross-examination, the store owner also referred to the two previous robberies. Objections by Walker's counsel were made and sustained with respect to the testimony given by the clerk and the sheriff while they were being questioned by the prosecution; however, his motion for a mistrial for violation of the motion *in limine* was denied. The reason the court gave for the denial of the mistrial motion was that the motion *in limine* had only referred to prior convictions. That was incorrect. The motion covered "offenses" as well. We do not, however, conclude that the ruling on the mistrial motion was erroneous.

The judge offered to admonish the jury to disregard evidence of prior convictions, but Walker's counsel apparently declined as the admonition was not given. No further request for admonishment of the jury was made.

We have carefully examined the questions asked by the prosecutor. They were proper in that they clearly sought information only about the July 20 event. The answers, which referred to the earlier robberies, were nonresponsive. In *Queary* v. *State*, 259 Ark. 123, 531 S.W.2d 485 (1976), we found almost the same situation. There, however, counsel had moved to strike the nonresponsive testimony and for a proper admonishment of the jury, asking that jurors be instructed to disregard the nonresponsive, prejudicial testimony. Had that been done in this case, and had the trial court refused, we would have precedent for concluding the trial court erred. The issue here, however, is whether a mistrial should have been granted.

A mistrial is an extreme remedy to be resorted to only when the trial court makes the discretionary determination that there has been an error so prejudicial that justice cannot be served by continuing the trial. *King* v. *State*, 298 Ark. 476, 769 S.W.2d 407 (1989); *Brewer* v. *State*, 269 Ark. 185, 599 S.W.2d 141 (1980). Even if the trial court's understanding of the motion *in limine* had been correct and he had refused to grant a mistrial for violations of it, we would not reverse. The prejudice in this case, in view of the overwhelming evidence of Walker's guilt, was not of the sort to require a mistrial. *Meadows* v. *State*, 291 Ark. 105, 722 S.W.2d 584 (1987); *Hobbs* v. *State*, 277 Ark. 271, 641 S.W.2d 9 (1982); *Hobbs* v. *Lockhart*, 791 F.2d 125 (8th Cir. 1986).

## 2. Recorded confession: best evidence

The prosecution sought to have the tape recording of the confession admitted into evidence. It could not be satisfactorily edited to remove the references to the earlier robberies, so an edited transcription was admitted instead. Walker objected on the ground that admitting the transcription violated the motion *in limine*. The court overruled the motion. Walker now contends there was a violation of the best evidence rule. We do not address that argument as it was not made to the trial court. *Maxwell* v. *State*, 298 Ark. 329, 767 S.W.2d 303 (1989); *Fretwell* v. *State*, 289 Ark. 91, 708 S.W.2d 630 (1986).

## 3. Statement prior to warning

Walker contends the statements he made in the sheriff's car prior to having been given an effective *Miranda* warning should have been suppressed. He contends he was exhausted upon his arrest and did not hear the warning. He also argues the statement about the location of the money box was elicited by the sheriff.

In reviewing the voluntariness of a confession, we "make an independent review of the totality of the circumstances and reverse only if the trial court's finding is clearly against the preponderance of the evidence." *Hurst* v. *State*, 296 Ark. 448, 757 S.W.2d 558 (1988); *Sherrer* v. *State*, 294 Ark. 287, 742 S.W.2d 884 (1988).

The sheriff's remark that he would try to find the

missing money box hardly constituted interrogation. It was not an inducement of any sort to Walker to speak. In *Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1980), we made it clear that a spontaneous statement, made while an accused was in custody, is not to be held inadmissible on the ground that there was not express waiver of counsel when the statement was made.

■ As to Walker's having been exhausted and intimidated when the statements were made, we hold those allegations do not come within the factors to be considered controlling when we make our determinations of voluntariness based on the totality of the circumstances. We consider "the youth of the accused, lack of education, low intelligence, lack of advice of constitutional rights, length of detention, repeated and prolonged questioning, and the use of physical punishment. . . ." *Wainwright* v. *State*, 302 Ark. 371, 790 S.W.2d 420 (1990). The circumstances Walker alleges do not meet those which would or could cause us to conclude the custodial statements were involuntary.

### 4. Competency

■ After he gave notice he intended to defend on the basis of insanity, Walker's mental condition was evaluated at a mental health screening center. A psychiatrist found that he was able to understand the proceedings against him and to assist effectively in his defense. She stated it was difficult for her to evaluate Walker's condition at the time the offense was committed because she had not known him at that time but that if his condition then (July 20, 1989) were the same as on the date of her report (November 10, 1989) he "would have been able to appreciate the criminality of his conduct and to conform his conduct to the requirements of the law." While the psychiatrist's opinion is a conditional one, it is nonetheless an opinion as to Walker's "ability to appreciate the criminality of his conduct or to conform his conduct to the requirements of law" at the time the offense was committed. *See* Ark. Code Ann. § 5-2-304(d)(4) (Supp. 1989). The evaluation satisfied the requirement of Ark. Code Ann. § 5-2-305(b)(1)(A) (Supp. 1989).

We agree with Walker's contention that his case is somewhat similar to that of *Vance* v. *State*, 288 Ark. 274, 704 S.W.2d 170 (1986), where we reversed a trial court's refusal to have an

additional evaluation after initial psychiatric screening. There, however, the trial court had before it a report of an initial screening which consisted solely of the doctor checking a blank on a form stating that Vance was without psychosis and competent to stand trial. In addition, the court had information that Vance had been discharged from the Navy with mental disability, had been hospitalized in San Francisco for mental problems, and had been discharged from the state hospital the day before the robbery with which he was charged occurred. Finally, the court had rejected the testimony of a psychiatrist who had examined Vance at the state hospital and found him to be paranoid schizophrenic with acute exacerbation.

■ The only challenge to the report here was Walker's statement that he had been unable to get records showing that he was diagnosed as a paranoid schizophrenic while he was in the Army and that he had been under a psychiatrist's care for 10 years. The court had no proof before it other than the statement of Walker and his counsel's concurrence that Walker had been trying to obtain his records. While Ark. Code Ann. § 5-2-305(c) (Supp. 1989) provides that the court may order a further examination at the state hospital, we cannot say in this case that it was clearly warranted. The similarity between this case and the *Vance* case is minimal when the amount and source or sources of evidence in each case are considered.

### 5. Sentencing: prior convictions

■ Walker's sentence was enhanced because he was an habitual criminal. The court informed the jury that Walker had 11 prior convictions; however, the court read to the jury 16 offenses of which Walker had been convicted. The reading was preceded by a discussion between the court and the prosecutor in which the prosecutor noted that some of the burglaries and grand larcenies should be counted as only one conviction. The court agreed; thus the instruction that there were 11, rather than 16, convictions. No objection was lodged by Walker's counsel, and thus we will not consider the point. *Maxwell* v. *State, supra.*

### 6. Rule 11(f)

In compliance with Rules of the Arkansas Supreme Court and Court of Appeals 11(f), the objections decided adversely to Walker have been abstracted, and we find none of these merit reversal.

Affirmed.