Donald MILLER *v.* STATE of Arkansas

CR 94-660                                887 S.W.2d 280

Supreme Court of Arkansas
Opinion delivered November 14, 1994

*Randy Rainwater*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. This appeal stems from a judgment of conviction for five counts of raping a child less than fourteen years of age in violation of Ark. Code Ann. § 5-4-103 (Repl. 1993). The appellant, Donald Miller, was sentenced to twelve years on each count, to run consecutively, for total imprisonment of 60 years. Miller has three points on appeal: (1) there was insufficient evidence to support the conviction; (2) he was entitled to a directed verdict because the victim was an accomplice whose testimony was not corroborated; and (3) he was entitled to further psychological testing at the state hospital. We find no merit in the points raised, and we affirm the judgment of conviction.

During the summer of 1993, Miller, age 25, and his girlfriend, Wendy, acted as babysitters for the victim, then age 12, and her younger sister at Miller's house. Miller lived a quarter of a mile from the victim who lived with her mother in the community of Pine Ridge. The victim testified that Miller had sexual intercourse with her at least five times during that summer. The first occurrence was a few days after July 4, 1993, at the victim's home. She shared a bed with Miller, Wendy, and Miller's two-year-old daughter. The victim's mother was at home. While the others were asleep, Miller had sexual intercourse with the victim. The second time that Miller had sexual intercourse with the victim was two or three days after the first. The girl left

Miller's home to borrow a blender from her own home. He accompanied her to the house; then he threw her on a bed and had sexual intercourse with her.

The third time Miller had sexual intercourse with the victim was at his house about two or three days after the second offense. The fourth time was two or three days after the third offense, and the fifth time was three or four days after the fourth offense. The victim did not tell her mother, she later testified, because she was afraid of the consequences. She did relate to the jury that during July and August of 1993 before Miller's arrest they engaged in sexual intercourse "about every day."

During part of the time period that Miller was having sex with the victim, he was also having sexual relations with the victim's mother. The victim admitted that she was upset about her mother's affair with Miller because at that time she loved Miller. The mother testified at trial that she was not aware of Miller's activities with her daughter prior to his arrest. She stated that she confronted Miller after he was incarcerated for the rape charges, and he acknowledged that he had done it but believed the victim to be 18 years of age.

Miller argues on appeal that the above evidence was insufficient to support his conviction for five counts of rape. The test for determining whether there is sufficient evidence is whether there is substantial evidence to support the verdict. *Friar* v. *State*, 313 Ark. 253, 854 S.W.2d 318 (1993); *Abdullah* v. *State*, 301 Ark. 235, 783 S.W.2d 58 (1990). Substantial evidence is evidence that is of enough force and character to compel reasonable minds to reach a conclusion without resorting to suspicion and conjecture. *Jacobs* v. *State*, 317 Ark. 454, 878 S.W.2d 734 (July 5, 1994); *Thomas* v. *State*, 312 Ark. 158, 847 S.W.2d 695 (1993). To determine whether substantial evidence exists, this court reviews only the evidence that supports the conviction and does not weigh that evidence against conflicting proof favorable to the accused. *Brown* v. *State*, 315 Ark. 466, 869 S.W.2d 9 (1994); *Crawford* v. *State*, 309 Ark. 54, 827 S.W.2d 134 (1992).

In pertinent part, Ark. Code Ann. § 5-14-103 (Repl. 1993) defines the crime of rape as follows:

(a) A person commits rape if he engages in sexual

intercourse or deviate sexual activity with another person:

. . . .

(3) Who is less than fourteen (14) years of age.

Miller argues that the evidence was insufficient to prove rape for two reasons. First, he contends that the victim's testimony was inconsistent as to when and how often he had sex with her. This argument is without merit because this court has held that lack of specificity with regard to the date of a rape does not require a reversal, especially when the victim is a child. *Fry* v. *State*, 309 Ark. 316, 829 S.W.2d 415 (1992). Furthermore, it is the jury's duty to determine the credibility of the witnesses and to resolve any inconsistencies. *Cope* v. *State*, 292 Ark. 391, 730 S.W.2d 242 (1987). The girl testified that Miller had sexual intercourse with her on at least five occasions, and that testimony, standing alone, constitutes substantial evidence to support the conviction. *Laughlin* v. *State*, 316 Ark. 489, 872 S.W.2d 848 (1994); *Franklin* v. *State*, 308 Ark. 539, 825 S.W.2d 263 (1992).

The second reason that Miller maintains there was insufficient evidence to support the conviction is that the girl was angry with him because he had had an affair with her mother. This gave her a motive to prevaricate, according to Miller. Again, the jury is free to decide the credibility of witnesses, and obviously, the jury chose to believe the victim. *Williams* v. *State*, 298 Ark. 484, 768 S.W.2d 539 (1989); *Cope* v. *State*, 292 Ark. 391, 730 S.W.2d 242 (1987).

Miller's next point for reversal is that the trial court should have granted his motion for directed verdict because the girl's testimony was the uncorroborated testimony of an accomplice. He argues that the victim was an accomplice because she willingly consented to sexual relations with him. This argument is totally without merit. A victim of a crime is not an accomplice under Arkansas law unless the criminal statute specifically provides to the contrary. Ark. Code Ann. § 5-2-404 (Repl. 1993). But, in addition, to hold that a twelve-year-old victim of rape is an accomplice would eviscerate the legislative purpose behind making it a crime to engage in sexual intercourse with a person less than fourteen years of age. *See Mobbs* v. *State*, 307 Ark. 505, 821 S.W.2d 769 (1991); *see also* Commentary to Ark. Stat.

Ann. § 41-305 (Repl. 1977), now codified as Ark. Code Ann. § 5-2-404 (Repl. 1993). Our public policy, as fixed by the General Assembly, is manifest that victims younger than age 14 are beneath the age of consent and cannot be willing accomplices to sexual intercourse.

Finally, Miller argues that the trial court erred in denying his request for further testing at the state hospital. Dr. Jerry Henderson, a psychologist, conducted the first psychological examination of Miller and determined that he was not substantially impaired in his mental capacity at the time of the rape and that he did not lack the capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law. He also found Miller competent to stand trial. Dr. Henderson noted that his findings were consistent with alcohol abuse, cannabis abuse, borderline intellectual functioning, and schizoid personality traits.

Miller argues that the trial court erred in refusing further psychological examination because Dr. Henderson's examination report did not describe the nature of the examination as required by Ark. Code Ann. § 5-2-305(d)(1) (1993). However, as the State points out, Miller did not move the trial court to order further examination on the ground that Dr. Henderson's examination report did not comply with the statute. Rather, the basis for Miller's motion at the pretrial hearing was that he disagreed with Dr. Henderson's findings that he was able to continue in his defense and to stand trial and that his mental incompetency was evidenced by his threats of suicide while in jail. It is axiomatic that a party cannot change the grounds for an objection on appeal. *Hewitt* v. *State*, 317 Ark. 362, 877 S.W.2d 926 (1994); *Harris* v. *State*, 295 Ark. 456, 748 S.W.2d 666 (1988); *Vasquez* v. *State*, 287 Ark. 473-A, 702 S.W.2d 411 (1986). Thus, we will not address the issue of whether Dr. Henderson's report complied with § 5-2-305(d)(1).

Miller's second reason for contending that the trial court erred in denying further evaluation is that he was simply not competent to stand trial and aid in his defense. Although his argument is somewhat obtuse, he suggests that the diagnosis of borderline intellectual functioning and schizoid personality traits warranted further psychological evaluation.

In *Walker* v. *State*, 303 Ark. 401, 797 S.W.2d 447 (1990), this court addressed the question of whether a defendant was entitled to further examination when a psychiatrist had already determined that he was able to understand the proceedings against him and to assist in his defense. In *Walker*, the defendant's basis for challenging the report was that he had been unsuccessful in obtaining medical records from the U.S. Army, which had diagnosed him as a paranoid schizophrenic, and that he had been under a psychiatrist's care for ten years. We held that although a trial court may order further examination pursuant to Ark. Code Ann. § 5-2-305(c), the trial court was correct in deciding that it was not clearly warranted in that case.

In the case at bar, Miller's only grounds for challenging the report is that the diagnosis is serious. That factor is patently insufficient for us to reverse the trial court. We hold that the trial court did not err in refusing to order further evaluation.

Affirmed.