Gregory SHORT *v.* STATE of Arkansas

CR 01-1269                                     79 S.W.3d 313

Supreme Court of Arkansas
Opinion delivered June 27, 2002

*James Dunham*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

A NNABELLE CLINTON IMBER, Justice. Appellant Gregory Short was convicted of first-degree sexual abuse in violation of Ark. Code Ann. § 5-14-108(a)(4) (Repl. 1997) (repealed). He raises two points on appeal: (1) The trial court erred in ruling that first-degree sexual abuse is a strict-liability crime; and (2) the trial court erred by excluding proffered testimony regarding the victim's sexual conduct. We disagree and affirm.

This appeal raises the issue of whether the State has the burden of proving a culpable mental state in connection with a charge of first-degree sexual abuse involving a victim under the age of fourteen. As the sufficiency of the evidence to support the conviction has not been challenged, we recite the facts only as they

relate to the issues on appeal. Mr. Short was originally charged with raping a child less than fourteen years of age in violation of Ark. Code Ann. § 5-14-103(a)(4) (Repl. 1997) (superseded by Ark. Code Ann. § 5-14-103(a)(1)(C)(i) (Supp. 2001)). After the State agreed to reduce the charge to first-degree sexual abuse in violation of Ark. Code Ann. § 5-14-108(a)(4), Mr. Short waived his right to a trial by jury.

At the outset and before the State amended its original charge, Mr. Short moved, *in limine,* to allow testimony about the victim's alleged sexual conduct on the day of the offense in order to prove that he was reasonable in concluding that the youthful victim, A.L., was at least fourteen years old. Mr. Short was twenty-six years old on August 7, 2000, when he and a friend, Melvin Willfond, gave A.L. (age thirteen) and her friend, R.H. (age fifteen), a ride to register for the next school year. Mr. Short stated that he thought A.L. was fourteen or fifteen years old, and he denied having any sexual contact with her. A.L. testified that she was thirteen years old in August 2000 and that she told Mr. Short she wanted to have sex with him and, in fact, did have sexual contact with him. The trial court denied Mr. Short's motion *in limine* and excluded the proffered testimony about A.L.'s sexual conduct.

At trial, after the close of the State's case-in-chief, Mr. Short moved for a directed verdict alleging that the State failed to meet its burden of proof. Specifically, he argued that the State failed to prove the element of mental culpability as required by Ark. Code Ann. § 5-2-203 (Repl. 1997). The trial court ruled that first-degree sexual abuse is a strict-liability offense and denied his directed-verdict motion. At the close of all the evidence, Mr. Short renewed his motion for directed verdict, which was again denied. The trial court found Mr. Short guilty of first-degree sexual abuse and sentenced him to 60 months probation conditioned upon serving 120 days in the Pope County Detention Center. Following the entry of judgment, Mr. Short filed a timely notice of appeal.

## I. First-Degree Sexual Abuse

The first point on appeal involves an issue of statutory interpretation. We construe criminal statutes strictly, resolving any doubts in favor of the defendant. *Hagar v. State*, 341 Ark. 633 19 S.W.3d 16 (2000). We also adhere to the basic rule of statutory construction, which is to give effect to the intent of the legislature. *Id*. We construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language, and if the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id*. Additionally, in construing any statute, we place it beside other statutes relevant to the subject matter in question and ascribe meaning and effect to be derived from the whole. *Id*.

Mr. Short was convicted of sexual abuse in the first degree in violation of section 5-14-108(a)(4) of the Arkansas Criminal Code. At the time the offense was committed, the statute provided that "[a] person commits sexual abuse in the first degree if . . . [b]eing eighteen (18) years old or older, he engages in sexual contact with a person not his spouse who is less than fourteen (14) years old." Ark. Code Ann. § 5-14-108(a)(4) (Repl. 1997) (repealed).[1] As to offenses where the criminality of the conduct depends on the victim being less than fourteen, the chapter of the Arkansas Criminal Code that defines sexual offenses also provides as follows: "When the criminality of conduct depends on a child being below the age of fourteen (14) years, it is no defense that the actor did not know the age of the child, or reasonably believed the child to be fourteen (14) years of age or older." Ark. Code Ann. § 5-14-102(b) (Repl. 1997).

---

[1] This section was repealed by 2001 Ark. Acts 1738. The present law addressing this type of criminal conduct appears in Ark. Code Ann. §§ 5-14-124 to 5-14-127 (Supp. 2001). The corresponding offense would be the class B felony of second degree sexual assault. "A person commits sexual assault in the second degree if the person . . . [b]eing eighteen (18) years of age or older, engages in sexual contact with the sex organs of another person, not the person's spouse, who is less than fourteen (14) years of age[.]" Ark. Code Ann. § 5-14-125(a)(3) (Supp. 2001).

■  While this court has not specifically addressed the issue of whether first–degree sexual abuse in violation of section 5–14–108(a)(4) is a strict–liability offense, we have considered the *mens rea* requirement for the offense of statutory rape; that is, rape committed by engaging in sexual intercourse or deviate sexual activity with a person less than fourteen years of age. *Clay v. State,* 318 Ark. 550, 886 S.W.2d 608 (1994) (construing Ark. Code Ann. § 5–14–103(a)(3) (Supp. 1993), later recodified at Ark. Code Ann. § 5–14–103(a)(4) (Repl. 1997) (superseded)). The language used in the statutory rape provision and in section 5–14–108(a)(4) is similar, and both offenses are subject to the defense restriction set forth in section 5–14–102(b).[2] Once again, we construe statutes relating to the same subject together and in harmony if possible. *Hagar v. State, supra.* The 1988 Supplemental Commentary to Ark. Code Ann. § 5–14–103 (Repl. 1995) notes that the rape statute "now imposes strict liability where the victim is less than 14 years of age." A strict–liability offense is "[a] crime that does not require a *mens rea* element . . . ." *Black's Law Dictionary* 378 (7th ed. 1999).

■  In *Clay v. State,* where the issue was whether joinder was proper for multiple counts of rape by force and statutory rape, we analyzed the different *mens rea* requirements for these crimes and concluded that the offense of statutory rape is a strict–liability crime:

> In two of the cases the charge was rape, and the proof in those cases showed that the appellant had sexual intercourse by force. The intent necessary for conviction in these cases was that the appellant "purposely" forced the victims to have sex with him. Ark. Code Ann. §§ 5-2-202 & 5-14-103 (Repl. 1993). However, three of the charges were quite different as they involved rape by deviate sexual activity with persons less than fourteen years of age. These are "strict liability" crimes. *See* Ark. Code Ann. Commentaries § 5-14-103(a)(3) (1989). In

---

[2] The rape statute in effect at the time of the crime provided in part: "A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person . . . Who is less than fourteen (14) years of age. It is an affirmative defense to prosecution under this subdivision (a)(4) that the actor was not more than two (2) years older than the victim[.]" Ark. Code Ann. § 5-14-103(a)(4) (Repl. 1997) (superseded).

these cases the State does not have to prove that the accused "purposely" had sex with a person under fourteen years of age. A person who has sexual intercourse or deviate sexual activity with one less than fourteen years of age is guilty of the crime, regardless of how old he or she thought the victim was, and regardless of whether there was consent. There are affirmative defenses, but it is up to the defendant to prove them. The point is that because the definitions of the different crimes require different culpable mental states, joinder in the case at bar did not show an overall proof of intent.

*Clay v. State*, 318 Ark. at 558-59, 886 S.W.2d at 613. Two more recent cases, while not directly addressing the issue of strict liability, have reaffirmed that knowledge of the victim's age is not an element of statutory rape. In connection with our statutory interpretation of the knowledge requirement for the offense of second-degree battery, this court explained: "The language of the statute is clear and unmistakable and differs significantly from statutes such as the rape statute which merely provide that the victim be a certain age and not that the defendant know what that age is." *Sansevero v. State*, 345 Ark. 307, 312, 45 S.W.3d 840, 843 (2001). Likewise, another recent decision involving a rape charge under section 5-14-103(a)(4) reiterated that:

> [i]t was no defense that Ridling did not know Kimberly's age, or that he reasonably believed Kimberly to be fourteen years of age or older. . . . Certainly, even if he had been apprised that she told the other men that she was over the age of fourteen, such knowledge would be of no benefit to his defense in light of § 5-14-102(b).

*Ridling v. State*, 348 Ark. 213, 221, 72 S.W.3d 466 (2002). In *Miller v. State*, we explained the underlying policy: "Our public policy, as fixed by the General Assembly, is manifest that victims younger than age 14 are beneath the age of consent and cannot be willing accomplices to sexual intercourse." 318 Ark. 673, 677, 887 S.W.2d 280, 282 (1994).

Notwithstanding the precedent established by our decisions in *Clay*, *Sansevero*, and *Ridling*, Mr. Short contends that first-degree sexual abuse is not a strict-liability offense because sections 5-2-203 and 5-2-204 require a culpable mental state — purposely,

·knowingly, or recklessly — if the statute does not prescribe one. "Except as provided in § 5-2-204(2), if the statute defining an offense does not prescribe a culpable mental state, culpability is nonetheless required and is established only if a person acts purposely, knowingly, or recklessly." Ark. Code Ann. § 5-2-203(b) (Repl. 1997). Section 5-2-204 provides in pertinent part:

> (b) A person does not commit an offense unless he acts with a culpable mental state with respect to each element of the offense that requires a culpable mental state.
>
> (c) However, a culpable mental state is not required if:
>
> . . .
>
> (2) An offense defined by a statute not a part of this code clearly indicates a legislative intent to dispense with any culpable mental state requirement for the offense or for any element thereof.

Ark. Code Ann. § 5-2-204(b) & (c)(2) (Repl. 1997).

This court has applied section 5-2-203(b) on three occasions to require a culpable mental state, or *mens rea*, where the statute did not specifically prescribe one. In 1990, section 5-2-203(b) was used to engraft a *mens rea* requirement onto Ark. Code Ann. § 5-73-104(a) (1987), a statute that criminalizes the possession of metal knuckles. *State v. Setzer*, 302 Ark. 593, 791 S.W.2d 365 (1990). Six years later, this court reaffirmed that section 5-73-104(a) was not a strict-liability crime, and that section 5-2-203(b) mandated a culpable mental state. *Yocum v. State*, 325 Ark. 180, 925 S.W.2d 385 (1996). In that same year, we held that a statute criminalizing the operation of a gambling house, Ark. Code Ann. § 5-66-103 (Repl. 1993), was not unconstitutional as overbroad merely because it failed to specify a *mens rea*. *McDougal v. State*, 324 Ark. 354, 922 S.W.2d 323 (1996). In so holding, the *McDougal* court stated that "even though § 5-66-103 itself imposes no requirement that the offender have a culpable mental state, Ark. Code Ann. § 5-2-203(b) (Repl. 1993) grafts such a requirement onto the statute . . . ." *Id.* at 360, 922 S.W.2d at 326.

The decisions in *Setzer*, *Yocum*, and *McDougal* are nonetheless inapposite to the case now before us. The statutes at issue in those cases did not eliminate a culpable mental state as a

defense; whereas, the statutory rape provision and section 5-14-108(a)(4) are subject to a specific statute that eliminates knowledge, or even a reasonable belief, of the victim's age as a defense. Ark. Code Ann. § 5-14-102(b). If this court were to accept Mr. Short's argument and hold that the State must introduce evidence of a defendant's knowledge of the victim's age in a prosecution for first-degree sexual abuse, such a holding would effectively circumvent section 5-14-102(b). Moreover, it would simply be absurd to graft a *mens rea* element of "purposeful" or "knowing" onto the statutory rape provision or section 5-14-108(a)(4) when a defendant's knowledge of the victim's age cannot be a defense. Under such an interpretation of the statutes, the State would introduce evidence of a defendant's knowledge of the victim's age; whereas, the defendant would not be allowed to defend or rebut the State's proof because "it is no defense that the actor did not know the age of the child." Ark. Code Ann. § 5-14-102(b). In short, how can a culpable mental state be relevant for the prosecution, but irrelevant for the defense? Likewise, it would be inconsistent to graft a "reckless" *mens rea* onto the statutes, where even if a defendant "reasonably believed" that the victim was fourteen, such a belief would still not be a defense to the crime. Adding any of the three culpable mental states onto section 5-14-108(a)(4) of the first-degree sexual abuse statute would lead to an absurd result. That we will not do. *Citizens to Establish a Reform Party in Arkansas v. Priest*, 325 Ark. 257, 926 S.W.2d 432 (1996). Accordingly, we hold that the trial court did not err in ruling that the State was not required to prove Mr. Short's knowledge of the victim's age in a prosecution for first-degree sexual abuse under Ark. Code Ann. § 5-14-108(a)(4) (Repl. 1997) (repealed).

*II. Exclusion of Testimony Regarding the Victim's Sexual Behavior*

■ For his second point on appeal, Mr. Short argues that the trial court erred in excluding evidence of A.L.'s sexual behavior and statements that occurred on the day of the offense. He claims first that the proffered evidence was not "prior" sexual conduct and, therefore, was not barred by the rape-shield statute. Ark. Code Ann. § 16-42-101(b) (Repl. 1999). This argument is without merit. The phrase "prior sexual conduct" does not have

the narrow meaning suggested by Mr. Short. For purposes of the rape-shield statute, we have interpreted the phrase broadly enough to encompass sexual conduct that occurs prior to the trial. *Laughlin v. State*, 316 Ark. 489, 972 S.W.2d 848 (1994); *Flurry v. State*, 290 Ark. 417, 720 S.W.2d 699 (1986); *Kemp v. State*, 270 Ark. 835 (1980).[3]

In a related argument, Mr. Short also suggests that the rape-shield statute should only apply to jury trials. We disagree. The purpose of the rape-shield statute is to shield victims of sexual offenses from the danger of public humiliation. *See Graydon v. State*, 329 Ark. 596, 953 S.W.2d 45 (1997). Even a bench trial is open to the public and is a matter of public record.

Finally, Mr. Short claims the proffered evidence was relevant to support his "reasonable" belief that the victim was fourteen years of age or older. We reject this proposition for the reasons already stated under the first point.

Affirmed.

JIM HANNAH, Justice, concurring. I concur with the majority's holding that first-degree sexual abuse under these conditions is a strict-liability crime, but I write to address the trial court's exclusion of the evidence of A.L.'s suggestive behavior and statements from the day of the crime. Two points should be made on this issue. First, according to the trial court's order issued April 12, 2001, the trial court excluded this evidence because it was "not relevant and, therefore, not admissible." Although the trial court issued this order after Mr. Short filed a motion pursuant to the rape-shield statute's procedural requirements for admission of certain evidence, this order is unclear as to whether the evidence was excluded based on the protection of the rape-shield statute, or whether it was excluded under Ark. R. Evid. 401 merely because it was irrelevant to the issue of A.L.'s age. The majority opinion addresses this issue by applying the rape-shield statute. However, it is not at all clear that the trial

---

[3] The concurring opinion also raises the question of whether the proffered evidence is "sexual conduct" as that term is defined under the rape-shield statute. This point was not advanced by Mr. Short, so we are precluded from addressing the issue.

court ruled on this issue based on the rape-shield statute, and to assume as much is not warranted by the trial court's order.

Second, I do not believe that the rape-shield statute's exclusion of evidence of "prior sexual conduct" applies to this type of evidence. Mr. Short requested that the trial court allow him to present evidence of A.L.'s sexually suggestive comments and actions on the day of and leading up to the incident to show that Mr. Short reasonably believed that A.L. was at least fourteen years old. The majority opinion implies that "prior sexual conduct" is equivalent to sexually suggestive behavior and statements other than those defined by the statutes because the opinion, and the parties themselves, speak of these behaviors as "prior sexual conduct." Arkansas's Rape-Shield Statute, contained in Ark. Code Ann. § 16-42-101 (Repl. 1999), makes inadmissible

> opinion evidence, reputation evidence, or evidence of specific instances of the victim's prior sexual conduct with the defendant or any other person, evidence of a victim's prior allegations of sexual conduct with the defendant or any other person, which allegations the victim asserts to be true, or evidence offered by the defendant concerning prior allegations of sexual conduct by the victim with the defendant or any other person if the victim denies making the allegation. . . .

Ark. Code Ann. § 16-42-101(b). The rape-shield statute defines "sexual conduct" as "deviate sexual activity, sexual contact, or sexual intercourse, as those terms are defined by § 5-14-101." Under Ark. Code Ann. § 5-14-101, these terms include some form of physical action and are defined as:

> (1) "Deviate sexual activity" means any act of sexual gratification involving:
>
> (A) The penetration, however slight, of the anus or mouth of one person by the penis of another person; or
>
> (B) The penetration, however slight, of the labia majora or anus of one person by any body member or foreign instrument manipulated by another person;

\* \* \*

(8) "Sexual contact" means any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, or buttocks, or anus of a person or the breast of a female;

(9) "Sexual intercourse" means penetration, however slight, of the labia majora by a penis;. . .

In this case, Mr. Short attempted to introduce evidence from the day in question that A.L. had made several comments to Mr. Short and Mr. Willfond about wanting to "lose her virginity" and wanting to have sex with either or both of them. The question then becomes whether this evidence involves "evidence of the victim's prior sexual conduct" as defined by the statutes, or whether it involves some other type of behavior. The majority attaches the term "sexual conduct" to A.L.'s actions here, but again, "sexual conduct" under the rape-shield statute involves some form of physical touching as defined in Ark. Code Ann. § 5-14-101. As such, statements made by a person regarding wanting to engage in these types of conduct are not the same as actually engaging in the conduct itself.

This discussion is purely academic in this case, however, because I agree with the trial court's exclusion of this evidence on grounds of relevancy. A.L., due to her age, could not consent to engage in sexual relations with Mr. Short, and whether she spoke of her interest in doing so is of no import because this was a strict-liability crime. However, my concern with the majority opinion is prospective regarding how this case will be applied to other rape or sexual misconduct cases involving victims who are not minors. A possible application of this decision will be that an alleged victim's sexually suggestive comments and behavior, other than those defined as "sexual conduct" in the rape-shield and related statutes, will be excluded improperly under the rape-shield statute as "sexual conduct." Whether this type of evidence could be excluded under another term in the statute or on grounds of relevancy is a separate question, and one not at issue here. However, this behavior is not "sexual conduct" as it is defined under our statutes, and it should not be addressed under the rape-shield statute as such.